UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-CV-0283-CVE-FHM |
| ) | |
| MELTON TRUCK LINES, INC. et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court is Defendant Melton Truck Lines, Inc's Motion to Dismiss and Memorandum in Support (Dkt. # 19) and defendant's Great West Casualty Company's Motion to Dismiss and Opening Brief in Support (Dkt. # 26). Defendants Melton Truck Lines, Inc. (Melton) and Great West Casualty Company (Great West) claim that plaintiff previously filed a lawsuit against them that was dismissed with prejudice, and they argue that plaintiff's claim in this case is barred by the doctrine of res judicata.

**I.**

On September 23, 2016, plaintiff filed an amended complaint (Dkt. # 13) in this Court alleging a claim of bad faith based on defendants' interference with his claim for workers' compensation benefits. Johnson states that he is a citizen of the state of Illinois for the purpose of diversity jurisdiction. Melton is incorporated in Oklahoma and maintains its principal place of business in Tulsa, Oklahoma, and Great West is incorporated in Nebraska and maintains its principal place of business in South Sioux City, Nebraska. Plaintiff claims that he filed a workers' compensation claim after suffering an on-the-job injury on July 5, 2013, and he alleges that Great West and Melton conspired against plaintiff to create a coverage issue that would result in the denial

of his workers' compensation claim. Based on the allegations of the amended complaint, it appears that plaintiff filed for workers' compensation benefits in Illinois, but his claim was denied due to a jurisdictional issue. Dkt. # 13, at 4. Plaintiff filed for workers' compensation benefits in Ohio and the claim was denied on jurisdictional grounds. Id. at 5. Plaintiff claims that an "arbitrator" in Illinois recalled an ex-parte communication with Great West and Melton in which they stated that "the employment contract indicated that plaintiff's claim was subject to Oklahoma law." Id. He has not alleged that he filed a workers' compensation claim in Oklahoma or that any act giving rise to this case occurred in Oklahoma. Plaintiff alleges that he is a third-party beneficiary to an insurance contract for workers' compensation coverage between Great West and Melton, and he claims that Great West and Melton acted in bad faith by conspiring to deny plaintiff workers' compensation benefits in Ohio and Illinois. He seeks over $850,000 in damages.

Plaintiff had previously filed a lawsuit against Melton, Great West, and other defendants in the United States District Court for the Northern District of Illinois.[1] David M. Johnson v. Melton Truck Lines, Inc. et al., 14-CV-7858 (N.D. Ill.). In a second amended complaint, plaintiff alleged all of the factual allegations contained in his amended complaint in this case, but he also included allegations concerning misrepresentations about his payment as a truck driver and his eventual termination by Melton. Plaintiff alleged claims under the Fair Labor Standards Act, the Employee Retirement Income Security Act, the Americans with Disabilities Act, the Illinois Human Rights Act, 42 U.S.C. § 1983, and state law claims under Illinois law of invasion of privacy, breach of

---

[1] In ruling on a motion to dismiss on the ground of res judicata, a district court "may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact." Q Int'l Courier Inc. v. Smoak, 441 F.3d 214, 216 (4th Cir. 2006). This does not require the Court to convert defendants' motions to dismiss into motions for summary judgment. Tal v. Hogan, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

contract, conversion, unjust enrichment, wrongful termination, and retaliation for filing a workers' compensation claim. Dkt. # 26-1. Plaintiff's claims against individual employees of Melton were dismissed for lack of personal jurisdiction. Dkt. # 26-2, at 9-10. As to the remainder of plaintiff's claims, all of plaintiff's claims against Great West were dismissed with prejudice, and all of the claims against Melton were dismissed with prejudice except for plaintiff's Fair Labor Standards Act, breach of contract, and unjust enrichment claims. Id. at 26; Dkt. # 26-3, at 33. The case was set for a status conference and plaintiff failed to appear, and the judge reset the status conference. Dkt. # 26-4, at 63-65. Plaintiff again failed to appear at the continued status conference, and his remaining claims were dismissed with prejudice for lack of prosecution. Id. at 67-68. Plaintiff filed a notice of appeal and the appeal is currently pending before the Seventh Circuit Court of Appeals. Dkt. # 26-5, at 2-3.

The Court notes that plaintiff has filed a second amended complaint (Dkt. # 41) in this case adding parties and an antitrust claim. However, plaintiff did not file a motion to amend and he does not have leave of court to file a second amended complaint. Under Fed. R. Civ. P. 15(a)(2), a plaintiff may amend his pleading "only with the opposing party's written consent or the court's leave." The Court finds that plaintiff's second amended complaint should be stricken due to his failure to comply with Rule 15. In addition, the new antitrust claim asserted by plaintiff is part of the same cause of action as his bad faith claim and it would be subject to dismissal under the doctrine of res judicata for the reasons stated below. See infra at 4-8.

## II.

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly

3

granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face"and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

Defendants Great West and Melton seek dismissal of plaintiff's claims on the ground that plaintiff should have brought his claim in this case as part of his lawsuit in the Northern District of Illinois, and they argue that plaintiff's claim is barred by the doctrine of res judicata. Great West also argues that plaintiff's claims are barred by the statute of limitations. Plaintiff responds that the Northern District of Illinois lacked subject matter and personal jurisdiction over defendants and he

claims that he could not have litigated the claim raised in this case in the Northern District of Illinois. Dkt. # 29, at 2.

Plaintiff has filed an amended complaint (Dkt. # 13) and this document is the operative pleading pending before the Court. The amended complaint alleges only a claim bad faith in the context of a workers' compensation proceeding and plaintiff argues that Melton and Great West have concocted a "coverage issue" to support the denial of workers' compensation benefits to plaintiff. Dkt. # 13, at 6-8. The Court has broadly construed the amended complaint and can find no other claims being asserted by plaintiff. It is true that plaintiff's original complaint contains many claims that were dismissed with prejudice by the Northern District of Illinois, but the amended complaint supersedes the original complaint and only the claim alleged in the amended complaint is pending before the Court. See Davis v. TXO Prod. Corp., 929 F.2d 1515, 1517 (10th Cir. 1991) ("it is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect."). In considering defendants' arguments, the Court will consider only whether the claim alleged in plaintiff's amended complaint is subject to dismissal, because the claims in plaintiff's original complaint are no longer pending.

Defendants argue that plaintiff should have included the claim asserted in this case in his prior lawsuit in the Northern District of Illinois, and they ask the Court to dismiss the claim in this case on the ground of res judicata. The doctrine of res judicata or claim preclusion precludes parties or their privies from relitigating issues that could have been raised in a prior lawsuit following the entry of a final judgment. Pelt v. Utah, 539 F.3d 1271, 1281 (10th Cir. 2008). "Res judicata requires the satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause

of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit." Plotner v. AT & T Corp., 224 F.3d 1161, 1168 (10th Cir. 2000). "By preventing repetitious litigation, application of res judicata avoids unnecessary expense and vexation for parties, conserves judicial resources, and encourages reliance on judicial action." Nwosun v. General Mills Restaurants, Inc., 124 F.3d 1255, 1258 (10th Cir. 1997).

Plaintiff appears to be arguing that his prior lawsuit did not end with a judgment on the merits. Dkt. # 29, at 6. The law is clearly established that a dismissal with prejudice of a party's claims is a judgment on the merits for the purpose of res judicata. Clark v. Haas Group, Inc., 953 F.2d 1235, 1238 (10th Cir. 1992). Plaintiff claims that the dismissal of his prior lawsuit was not a final, appealable order. Dkt. # 29, at 6 n.15. However, the rulings of the Northern District of Illinois show that it dismissed all of plaintiff's claims with prejudice and that it entered a judgment against plaintiff. In addition, plaintiff filed an appeal of that judgment in the Seventh Circuit. Plaintiff continued to file motions in the district court after the entry of judgment and the filing of a notice of appeal, and the Northern District of Illinois found that it lacked jurisdiction to consider many of plaintiff's motions due to the pending appeal. Dkt. # 26-4, at 69. The fact that plaintiff has filed an appeal also does not detract from the finality of a prior judgment. See MACTEC, Inc. v. Gorelick, 427 F.3d 821, 832 (10th Cir. 2005) ("The appealability of a judgment, however, does not hinder its preclusive effect"). The Court finds that the judgment entered by the Northern District of Illinois is a judgment on the merits that can preclude relitigation of plaintiff's cause of action.

As to the second element, plaintiff does not dispute the parties in this case are identical to the parties in his prior lawsuit. However, he does assert an argument as to the third and fourth elements of res judicata, and he claims that his Oklahoma workers' compensation bad faith claim

was not part of his cause of action in his prior lawsuit and that he did not have a full and fair opportunity to litigate the claim. The Northern District of Illinois stated in a footnote that plaintiff may have filed a workers' compensation claim in Oklahoma but it considered only Illinois workers' compensation law when reviewing plaintiff's claims, and it did not make any finding as to the viability of a bad faith claim under Oklahoma workers' compensation law. Dkt. # 26-2, at 5 n.3, 23-24. This does not mean that the claim asserted in this case cannot be treated as part of the same cause of action. The Tenth Circuit applies a transactional approach to determine if a claim is included within a cause of action and, "[u]nder this approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence." Nwosun, 124 F.3d at 1257. "A contract is generally considered to be a 'transaction' for claim preclusion purposes." MACTEC, Inc., 427 F.3d at 832. The central event giving rise to plaintiff's claims is his termination by Melton. In his prior lawsuit, plaintiff brought wrongful termination and retaliatory discharge claims against Melton based on his filing for workers' compensation benefits. The Northern District of Illinois considered the allegations of plaintiff's complaint and found that plaintiff did not claim to have filed a workers' compensation claim in Illinois before he was terminated by Melton. Dkt. # 26-2, at 24.

Under a transactional approach, a claim for bad faith in the context of workers' compensation proceedings could have been filed in plaintiff's prior lawsuit, because the transaction or occurrence forming the basis of plaintiff's claims clearly included an alleged conspiracy by Melton and Great West to deny plaintiff workers' compensation coverage. Plaintiff brought claims of wrongful termination and retaliatory discharge based on his filing for workers' compensation benefits, and he could have included a claim of bad faith as well. The Court finds that a claim of bad faith in the

context of workers' compensation proceedings was part of the cause of action in plaintiff's lawsuit in the Northern District of Illinois. Plaintiff claims that he could not have argued an Oklahoma bad faith claim in the Illinois action, but he could have asserted a bad faith claim concerning the workers' compensation proceedings in Illinois. In addition, the Court has reviewed plaintiff's amended complaint and it does not appear that he has any factual or legal basis to allege a bad faith claim against Melton and Great West. Plaintiff has not alleged that he filed a workers' compensation claim in Oklahoma and plaintiff has made no attempt to show that Oklahoma workers' compensation law applies to workers' compensation decisions from other jurisdictions. Even if plaintiff had filed a workers' compensation claim in Oklahoma, Oklahoma recognizes a bad faith claim in the context of workers' compensation only as to bad faith refusal to pay an award, and a plaintiff must obtain certification from the workers' compensation court that the award is unpaid before bringing a bad faith claim. Stewart v. Mercy Health Center, Inc., 341 P.3d 70, 71 (Okla. 2014); Sizemore v. Continental Cas. Co., 142 P.3d 47 (Okla. 2006). Plaintiff has made no allegations that he received a workers' compensation award in Oklahoma that has not been paid and he has not presented certification from the workers' compensation court.

The Court has reviewed the docket sheet and filings from plaintiff's prior lawsuit and finds that plaintiff had a full and fair opportunity to litigate his bad faith claim in the Northern District of Illinois. The "full and fair opportunity" element of res judicata requires an inquiry into whether "there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties." SIL-FLO, Inc. v. SFHC, Inc., 917 F.2d 1507, 1521 (10th Cir. 1990). Plaintiff has not identified any procedural impediments that prevented him for raising and litigating

a bad faith claim in the Northern District of Illinois, and a review of the docket sheet shows that he was permitted to file an amended and a second amended complaint. Many of plaintiff's claims against Melton and Great West were dismissed with prejudice pursuant to a ruling on motions to dismiss. Dkt. # 26-2, at 26; Dkt. # 26-3, at 33. Plaintiff failed to appear for a status conference but his claims were not immediately dismissed, and he was given a second opportunity to appear at a continued status conference. After plaintiff failed to appear a second time, his remaining claims were dismissed with prejudice due to his failure to prosecute his claims. The dismissal of plaintiff's claims was caused by his own actions, rather than any procedural impediment beyond his control, and he had a full and fair opportunity to litigate his claims in the Northern District of Illinois.

The Court finds that all four elements of res judicata are satisfied and the claim asserted by plaintiff in this case should be dismissed. Plaintiff had an opportunity to litigate a claim of bad faith in the context of workers' compensation proceedings in the Northern District of Illinois, and his case was dismissed with prejudice due to plaintiff's failure to prosecute his claims. He may not relitigate a claim that was part of the cause of action in a previous lawsuit that has been dismissed with prejudice.

**IT IS THEREFORE ORDERED** that Defendant Melton Truck Lines, Inc's Motion to Dismiss and Memorandum in Support (Dkt. # 19) and defendant's Great West Casualty Company's Motion to Dismiss and Opening Brief in Support (Dkt. # 26) are **granted**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's second amended complaint (Dkt. # 41) is **stricken**.

**IT IS FURTHER ORDERED** that Plaintiff's Notice of Motion, Motion to Compel Rule 26(f) Conference, Initial Disclosures, and Sanctions (Dkt. # 34) is **moot**.

**DATED** this 17th day of January, 2017.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE